# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. PLAINTIFF
Mr. Jan F. Becker, United Way &
U.S. Political PRISONER #A399-713
Mansfield Correctional Institution
Secret United Way Death Gulag #3
P.O. Box 788, 1150 North Main St.
Mansfield, Ohio 44901-0788

E-Mail: jfb399713@yahoo.com

Phone No. (419) 526-2000

## DEFENDANTS
CV-07-00031

Warden Hudson, Michael B. Mukasey, Peter Keisler, GW. Bush, And Leonardo M. Rapadas, et al
Robert A. Fiatal, Fredrick A. Black, Craig Morford, Paul McNulty, Steve LaMantia, A. Gonzales, Wan J. Kim, Larry Thomson, J. Ashcroft, Janet Reno etc.

U.S. Attorneys Office
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagatna, Guam 96910

Guam Attorney General
Judicial Bldg. Center #2-200E
120 O'Brien Dr,
Agana, (96910) Guam

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ■ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ■ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ■ 4 |
| Citizen of Another State | ■ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ■ 5 | ☐ 5 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ■ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ■ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ■ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ■ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ■ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ■ 370 Other Fraud
- ☐ 371 Truth in Lending
- ■ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ■ 540 Mandamus & Other
- ■ 550 Civil Rights
- ■ 555 Prison Condition

**FORFEITURE/PENALTY**
- ■ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ■ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ■ 410 Antitrust
- ■ 430 Banks and Banking
- ■ 450 Commerce
- ■ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ■ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ■ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ■ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ■ 5 Transferred from another district (specify)
- ■ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
28 U.S. Code §503, 2284, 2241, 2254; 18 U.S.C.A. §1961 et seq. United Way Political Prisoner held without due process, appeals or judges for presidential kill-order concealing Iraqi Invasion Scandal.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 31 million per day/ea.
CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: NO JUDGES, refused to preside en banc.
DOCKET NUMBER: U.S. 6th Cir. #04-3816

DATE: Wed. Oct. 31st 2007
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jan F. Becker

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE #1 ___ JUDGE #2 ___
(3-judge panel) #3

# UNITED STATES DISTRICT COURT FOR THE
## (At Hagatna) DISTRICT OF GUAM
### CIVIL CASE INFORMATION STATEMENT (CIS)

| | |
|---|---|
| **CAPTION** Becker v. Warden Hudson, Michael B. Mukasey, Peter Keisler, G.W. Bush And Leonardo M. Rapadas, et al, | **CASE NO.** |
| **Consent to the Jurisdiction of a Magistrate Judge** Three-judge panel ONLY demand pursuant to 28 U.S. Code §503 and 28 U.S. Code §2284. ~~YES~~ ☐ NO ■ If YES, have You Filled Out the Appropriate Form? N/A ~~YES~~ ☐ ~~NO~~ ☐ | **JUDGE:** <br><br> **JUDGE:** <br><br> **JUDGE:** |

**TRACK ASSIGNMENT REQUESTED**

Administrative ☐    Expedited ■    Standard ☐    Complex ☐    Mass Torts ☐

**ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR DISPOSITION BY ADR? IF SO, BY WHICH ADR PROCESS(ES):** N/A

~~Early Neutral Evaluation~~ ☐  ~~Mediation~~ ☐  ~~Arbitration~~ ☐  ~~Summary Jury Trial~~ ☐  ~~Summary Bench Trial~~ ☐  ~~Other~~ ☐

See LR 16.5(a)   See LR 16.6(a)   See LR 16.7(a)   See LR 16.8(a)   See LR 16.9(a)   See LR 16.10

**Is this case suitable for electronic filing?** (See guidelines on reverse side.)

~~Yes~~   X   No, if no, why not: (Political Prisoner kept off internet to enforce United Way Domestic Spying and protect 93 corrupt U.S. Attorneys, forcing A. Gonzales resignation.

**Briefly describe this case**; include any special characteristics that may warrant extended discovery or accelerated disposition. If complex or expedited track assignment is requested, explain why. (Use Separate Sheet if Additional Space is Required.) Political Prisoner of United Way held kidnapped in State prison for 7 years of Bush Administration; with double-falsified FBI & BCI prison records; without due process, habeas corpi or appeals with judges in plot to kill-for-hire by president; concealing Iraqi Invasion Scandal.

**RELATED CASE?** YES ■ NO ☐   **CASE NO.** U.S. 6thCir. #04-3816   **JUDGE** NO JUDGES
All judges refused to preside enbanc.

| ATTORNEY NAME AND BAR I.D. NUMBER | TELEPHONE NUMBER |
|---|---|
| Mr. Jan P. Becker, United Way & U.S. Political Prisoner #A399-713 | (419) 526-2000 |

| FIRM NAME AND ADDRESS | PARTY NAME - DOCUMENT TYPE |
|---|---|
| Mansfield Correctional Institution Secret United Way Death Gulag #3 P.O. Box 788, 1150 N. Main Street Mansfield, Ohio 44901-0788 | BECKER R.I.C.O. HABEAS CORPUS <br><br> Mailed: Wed, Oct. 31st 2007 |

The information provided on this CIS statement will be used for administrative purposes only LR 6.13(b)

## CHAPTER 96—RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS

18 U.S.Code §1961 et seq. as listed in lawsuits.

Sec.
1961. Definitions.
1962. Prohibited activities.
1963. Criminal penalties.
1964. Civil remedies.
1965. Venue and process.
1966. Expedition of actions.
1967. Evidence.
1968. Civil investigative demand.

### § 1961. Definitions

As used in this chapter—

(1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891–894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461–1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581–1591 (relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with

Complete Annotation Materials, see Title 18 U.S.C.A.

817

---

Also cite: R.C.2923 Conspiracy, Attempt and Complicity; Ohio Revised
Weapons Control.        Corrupt Activity.               Code

(Last page below)

district such petition shall be filed in the district in which such person maintains his principal place of business, or in such other district in which such person transacts business as may be agreed upon by the parties to such petition.

(h) Within twenty days after the service of any such demand upon any person, or at any time before the return date specified in the demand, whichever period is shorter, such person may file, in the district court of the United States for the judicial district within which such person resides, is found, or transacts business, and serve upon such custodian a petition for an order of such court modifying or setting aside such demand. The time allowed for compliance with the demand in whole or in part as deemed proper and ordered by the court shall not run during the pendency of such petition in the court. Such petition shall specify each ground upon which the petitioner relies in seeking such relief, and may be based upon any failure of such demand to comply with the provisions of this section or upon any constitutional or other legal right or privilege of such person.

(i) At any time during which any custodian is in custody or control of any documentary material delivered by any person in compliance with any such demand, such person may file, in the district court of the United States for the judicial district within which the office of such custodian is situated, and serve upon such custodian a petition for an order of such court requiring the performance by such custodian of any duty imposed upon him by this section.

(j) Whenever any petition is filed in any district court of the United States under this section, such court shall have jurisdiction to hear and determine the matter so presented, and to enter such order or orders as may be required to carry into effect the provisions of this section.

(Added Pub.L. 91–452, Title IX, § 901(a), Oct. 15, 1970, 84 Stat. 944.)

§ 515. Authority for legal proceedings; commission, oath, and salary for special attorneys

(a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

(b) Each attorney specially retained under authority of the Department of Justice shall be commissioned as special assistant to the Attorney General or special attorney, and shall take the oath required by law. Foreign counsel employed in special cases are not required to take the oath. The Attorney General shall fix the annual salary of a special assistant or special attorney.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 613, and amended Pub.L. 101–650, Title III, § 321, Dec. 1, 1990, 104 Stat. 5117; Pub.L. 107–273, Div. A, Title II, § 203(b), Nov. 2, 2002, 116 Stat. 1775.)

HISTORICAL AND STATUTORY NOTES

Change of Name

"United States magistrate judge" substituted for "United States magistrate" in text pursuant to section 321 of Pub.L. 101–650, set out as a note under 28 U.S.C.A. § 631.

§ 516. Conduct of litigation reserved to Department of Justice

Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 613.)

§ 517. Interests of United States in pending suits

The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 613.)

§ 518. Conduct and argument of cases

(a) Except when the Attorney General in a particular case directs otherwise, the Attorney General and the Solicitor General shall conduct and argue suits and appeals in the Supreme Court and suits in the United States Court of Federal Claims or in the United States Court of Appeals for the Federal Circuit and in the Court of International Trade in which the United States is interested.

(b) When the Attorney General considers it in the interests of the United States, he may personally conduct and argue any case in a court of the United States in which the United States is interested, or he may direct the Solicitor General or any officer of the Department of Justice to do so.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 613, and amended Pub.L. 96–417, Title V, § 503, Oct. 10, 1980, 94 Stat. 1743; Pub.L. 97–164, Title I, § 117, Apr. 2, 1982, 96 Stat. 32; Pub.L. 102–572, Title IX, § 902(b)(1), Oct. 29, 1992, 106 Stat. 4516.)

HISTORICAL AND STATUTORY NOTES

Effective and Applicability Provisions

1992 Acts. Amendment by Pub.L. 102–572 effective Oct. 29, 1992, see section 911 of Pub.L. 102–572, set out as a note under section 171 of this title.

1982 Acts. Amendment by Pub.L. 97–164 effective Oct. 1, 1982, see section 402 of Pub.L. 97–164, set out as a note under section 171 of this title.

1980 Acts. Amendment by Pub.L. 96–417 effective on Nov. 1, 1980 and applicable with respect to civil actions pending on or commenced on or after such date, see section 701(a) of Pub.L. 96–417, as amended, set out as a note under section 251 of this title.

Change of Name

References to United States Claims Court deemed to refer to United States Court of Federal Claims and references to Claims Court deemed to refer to Court of Federal Claims, see section 902(b) of Pub.L. 102–572, set out as a note under section 171 of Title 28, Judiciary and Judicial Procedure.

§ 519. Supervision of litigation

Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States attorneys, assistant United States attorneys, and special attorneys appointed under section 543 of this title in the discharge of their respective duties.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 614.)

HISTORICAL AND STATUTORY NOTES

Intelligence and National Security Aspects of Espionage Prosecutions

Pub.L. 108–177, Title III, § 341(b), Dec. 13, 2003, 117 Stat. 2615, as amended Pub.L. 108–458, Title I, § 1071(g)(3)(A)(v), Dec. 17, 2004, 118 Stat. 3692; Pub.L. 109–177, Title V, § 506(a)(9), Mar. 9, 2006, 120 Stat. 248, provided that: "The Attorney General, acting through the Assistant Attorney General for National Security, and in consultation with the Director of National Intelligence, acting through the Office of the National Counterintelligence Executive, shall establish policies and procedures to assist the Attorney General in the consideration of intelligence and national security-related

the Department, any subdivision, or officer thereof, shall be deemed in itself to be an authorization of appropriations for the Department of Justice, such subdivision, or activity, with respect to any fiscal year beginning on or after October 1, 1978."

## § 502. Seal

The Attorney General shall have a seal for the Department of Justice. The design of the seal is subject to the approval of the President.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 611.)

### HISTORICAL AND STATUTORY NOTES

**Prior Provisions**

A prior section 502, Act June 25, 1948, c. 646, 62 Stat. 909, which related to appointment of assistant United States attorneys, was repealed by Pub.L. 89–554, § 8(a), Sept. 6, 1966, 80 Stat. 632, and reenacted in section 542 of this title by section 4(c) of Pub.L. 89–554.

## § 503. Attorney General

The President shall appoint, by and with the advice and consent of the Senate, an Attorney General of the United States. The Attorney General is the head of the Department of Justice.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 612.)

### HISTORICAL AND STATUTORY NOTES

**Prior Provisions**

A prior section 503, Act June 25, 1948, c. 646, 62 Stat. 909, which related to appointment of attorneys to assist United States attorneys, was repealed by Pub.L. 89–554, § 8(a), Sept. 6, 1966, 80 Stat. 632, and reenacted in section 543 of this title by section 4(c) of Pub.L. 89–554.

**Actions Challenging Appointment of Attorney General on Grounds of Violation of Constitutional Provisions Governing Compensation and Other Emoluments**

Pub.L. 93-178, § 2, Dec. 10, 1973, 87 Stat. 697, provided that:

"(a) Any person aggrieved by an action of the Attorney General may bring a civil action in the appropriate district court to contest the constitutionality of the appointment and continuance in office of the Attorney General on the ground that such appointment and continuance in office is in violation of article I, section 6, clause 2, of the Constitution. The United States district courts shall have exclusive jurisdiction, without regard to the sum or value of the matter in controversy, to determine the validity of such appointment and continuance in office.

"(b) Any action brought under this section shall be heard and determined by a panel of three judges in accordance with the provisions of section 2284 of title 28, United States Code [this section]. Any appeal from the action of a court convened pursuant to such section shall lie to the Supreme Court.

"(c) Any judge designated to hear any action brought under this section shall cause such action to be in every way expedited."

## § 504. Deputy Attorneys General

The President may appoint, by and with the advice and consent of the Senate, a Deputy Attorney General and a Deputy Attorney General for Combating Domestic Terrorism.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 612, and amended Pub.L. 107–77, Title VI, § 612(b), Nov. 28, 2001, 115 Stat. 800; Pub.L. 107–273, Div. B, Title IV, § 4004(f), Nov. 2, 2002, 116 Stat. 1812.)

### HISTORICAL AND STATUTORY NOTES

**Prior Provisions**

A prior section 504, Acts June 25, 1948, c. 646, 62 Stat. 909; Mar. 18, 1959, Pub.L. 86–3, § 11(b), 73 Stat. 9, which related to tenure and oath of office of United States attorneys, was repealed by Pub.L. 89–554, § 8(a), Sept. 6, 1966, 80 Stat. 632, and reenacted in sections 541 and 544 of this title by section 4(c) of Pub.L. 89–554.

**Repeals**

Section 612(c) of Pub.L. 107–77, cited in the credit of this section, was repealed by section 4004(f) of Pub.L. 107–273.

**Proposal for Combating Domestic Terrorism in Fiscal Year 2003**

Pub.L. 107–77, Title VI, § 612, Nov. 28, 2001, 115 Stat. 800, which amended this section and provided that the President shall submit a proposal to Congress regarding the restructuring of the Department of Justice to meet the need for combating domestic terrorism, was repealed by Pub.L. 107–273, Div. B, Title IV, § 4004(f), Nov. 2, 2002, 116 Stat. 1812.

## § 504a. Associate Attorney General

The President may appoint, by and with the advice and consent of the Senate, an Associate Attorney General.

(Added Pub.L. 95–139, § 1(a), Oct. 19, 1977, 91 Stat. 1171.)

## § 505. Solicitor General

The President shall appoint in the Department of Justice, by and with the advice and consent of the Senate, a Solicitor General, learned in the law, to assist the Attorney General in the performance of his duties.

(Added Pub.L. 89–554, § 4(c), Sept. 6, 1966, 80 Stat. 612.)

### HISTORICAL AND STATUTORY NOTES

**Prior Provisions**

A prior section 505, Act June 25, 1948, c. 646, 62 Stat. 909, which related to residence of United States attorneys, was repealed by Pub.L. 89–554, § 8(a), Sept. 6, 1966, 80 Stat. 632, and reenacted in section 545 of this title by section 4(c) of Pub.L. 89–554.

## § 506. Assistant Attorneys General

The President shall appoint, by and with the advice and consent of the Senate, 11 Assistant Attorneys General, who shall assist the Attorney General in the performance of his duties.

1-701. Each agency shall (a) review the management and operation of its legal activities and report in one year to the Federal Legal Council all steps being taken to improve those operations, and (b) cooperate with the Federal Legal Council and the Attorney General in the performance of the functions provided by this Order.

1-702. To the extent permitted by law, each agency shall furnish the Federal Legal Council and the Attorney General with reports, information and assistance as requested to carry out the provisions of this Order.

JIMMY CARTER

§ 509A. National Security Division

(a) There is a National Security Division of the Department of Justice.

(b) The National Security Division shall consist of the elements of the Department of Justice (other than the Federal Bureau of Investigation) engaged primarily in support of the intelligence and intelligence-related activities of the United States Government, including the following:

(1) The Assistant Attorney General designated as the Assistant Attorney General for National Security under section 507A of this title.

(2) The Office of Intelligence Policy and Review (or any successor organization).

(3) The counterterrorism section (or any successor organization).

(4) The counterespionage section (or any successor organization).

(5) Any other element, component, or office designated by the Attorney General.

§ 510. Delegation of authority

The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General.

(Added Pub.L. 89-554, § 4(c), Sept. 6, 1966, 80 Stat. 612.)

HISTORICAL AND STATUTORY NOTES

Prior Provisions

A prior section 510, Act June 25, 1948, c. 646, 62 Stat. 910, which related to clerical assistants and messengers for United States attorneys, was repealed by Pub.L. 89-554, § 8(a), Sept. 6, 1966, 80 Stat. 632, and reenacted in section 550 of this title by section 4(c) of Pub.L. 89-554.

§ 511. Attorney General to advise the President

The Attorney General shall give his advice and opinion on questions of law when required by the President.

(Added Pub.L. 89-554, § 4(c), Sept. 6, 1966, 80 Stat. 612.)

§ 512. Attorney General to advise heads of executive departments

The head of an executive department may require the opinion of the Attorney General on questions of law arising in the administration of his department.

(Added Pub.L. 89-554, § 4(c), Sept. 6, 1966, 80 Stat. 613.)

§ 513. Attorney General to advise Secretaries of military departments

When a question of law arises in the administration of the Department of the Army, the Department of the Navy, or the Department of the Air Force, the cognizance of which is not given by statute to some other officer from whom the Secretary of the military department concerned may require advice, the Secretary of the military department shall send it to the Attorney General for disposition.

(Added Pub.L. 89-554, § 4(c), Sept. 6, 1966, 80 Stat. 613.)

§ 514. Legal services on pending claims in departments and agencies

When the head of an executive department or agency is of the opinion that the interests of the United States require the service of counsel on the examination of any witness concerning any claim, or on the legal investigation of any claim, pending in the department or agency, he shall notify the Attorney General, giving all facts necessary to enable him to furnish proper professional service in attending the examination or making the investigation, and the Attorney General shall provide for the service.

(Added Pub.L. 89-554, § 4(c), Sept. 6, 1966, 80 Stat. 613.)

§ 526. Authority of Attorney General to investigate United States attorneys, marshals, trustees, clerks of court, and others

(a) The Attorney General may investigate the official acts, records, and accounts of—

(1) the United States attorneys, marshals, trustees, including trustees in cases under title 11; and

(2) at the request and on behalf of the Director of the Administrative Office of the United States Courts, the clerks of the United States courts and of the district court of the Virgin Islands, probation officers, United States magistrate judges, and court reporters;

for which purpose all the official papers, records, dockets, and accounts of these officers, without exception, may be examined by agents of the Attorney General at any time.

(b) Appropriations for the examination of judicial officers are available for carrying out this section.

Case 1:07-cv-00031 Document 1-2 Filed 11/13/2007 Page 6 of 6