# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JAN F. BECKER,<br><br>    Petitioner,<br><br>vs.<br><br>STUART HUDSON, Warden,<br><br>    Respondent. | Civil Case No. 07-00031<br><br><br><br>**ORDER** |

    This matter comes before the court pursuant to an Application to Proceed In Forma Pauperis filed by Petitioner Jan F. Becker. After careful consideration of the relevant statute and caselaw, the court hereby **DENIES** the Application.

I.    BACKGROUND

    Petitioner Jan F. Becker ("Petitioner") is a *pro se* Ohio prisoner incarcerated at Mansfield Correctional Institution in Mansfield, Ohio. *See* Docket Nos. 1 and 2. He was convicted in Ohio and is serving a term of 30 years to life in prison. *See* Docket No. 1. His convictions were affirmed by the Ohio Court of Appeals and his subsequent appeals were dismissed by the Ohio Supreme Court. *See* Docket No. 1.

    His petition for a writ of habeas corpus in the state court was denied, and this denial was affirmed by the court of appeals. *See* Docket No. 1. The Ohio Supreme Court declined to accept the appeal for review. *See* Docket No. 1. Petitioner then filed a petition for habeas corpus in an Ohio district court pursuant to 28 U.S.C. § 2254, but the district court dismissed his petition as being untimely and declined to issue a certificate of appealability. *See* Docket No. 1. The Sixth

1 Circuit granted a certificate of appealability as to the issue of timeliness, but ultimately declined
2 to address the substantive issues raised in Petitioner's brief. *See* Docket No. 1. Under 28 U.S.C.
3 § 2253(c)(1)(A), a court of appeal lacks jurisdiction to hear a denial of section 2254 petition
4 unless a district court judge issues a certificate of appealability. Because no such certificate was
5 issued, the Sixth Circuit concluded that it lacked jurisdiction, and affirmed the district court's
6 judgment. *See* Docket No. 1.

II. PETITIONER'S APPLICATION

Petitioner now seeks in forma pauperis status in order that he may file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. A writ of habeas corpus by a person in state custody may be filed "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). In short, Petitioner may file his petition either in the district where he is in custody or in the district where he was convicted and sentenced.

"The power of a Federal district court to grant a writ of habeas corpus is restricted to those instances designated in 28 U.S.C. Sec. 2241 . . . ." *Clark v. Beto*, 359 F.2d 554, 556 (5th Cir. 1966). Petitioner fails to satisfy the requirements of 28 U.S.C. § 2241(d). Petitioner is not in the custody of a Guam facility, nor was he convicted or sentenced by the Superior Court of Guam. He was convicted by an Ohio state court and is in the custody of Mansfield Correctional Institution is a facility in Ohio. Therefore, Petitioner's request for in forma pauperis status is denied. Moreover, as noted, the record reveals that Petitioner has already filed a petition under 28 U.S.C. § 2254 in Ohio. He was denied relief by both the district court and the Sixth Circuit. Having been denied relief in the Ohio state and federal courts, Petitioner is likewise barred by 28 U.S.C. § 2241(d) from seeking relief from this court.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Dec 28, 2007**